[No. A049299. First Dist., Div. Three. June 6, 1991.]

STEVEN E. HARDEN, Plaintiff and Appellant, v.
MAYBELLINE SALES CORPORATION et al., Defendants and
Respondents.

**[Opinion certified for partial publication.†]**

---

†Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts III and IV of the Discussion.

#### COUNSEL

Green & Azevedo and Jerry N. Budin for Plaintiff and Appellant.

Bronson, Bronson & McKinnon, Gilmore F. Diekmann, Jr., and Jack Berman for Defendants and Respondents.

#### OPINION

WHITE, P. J.—This is an action for wrongful termination of employment brought by plaintiff Steven E. Harden against defendants Maybelline Sales Corporation and Maybelline U.S.A. (hereafter Maybelline or defendants). The trial court granted defendants' motion for summary judgment and entered judgment in defendants' favor. We reverse the judgment on the ground that at-will language contained in a standardized, preprinted application for employment may not be the sole basis for rejecting a claim of an implied contract not to terminate except for good cause.

### FACTS[1]

On June 6, 1985, plaintiff was employed as a regional sales trainer with Alberto-Culver Company in Los Angeles. At about that time, a management recruiter employed by Maybelline contacted plaintiff concerning employment with Maybelline. Plaintiff was told that Maybelline was looking for a person with the ability to rise through the ranks, assume greater levels of responsibility and stay with the company for "the long term." Plaintiff met with two Maybelline employees who told plaintiff that the job security and long-term advancement opportunities with Maybelline would be better than at Alberto-Culver, and assured plaintiff that if he joined Maybelline he would have a long-term future with the company. At the end of the interview plaintiff was told that he would have to interview with the president of the

---

[1]Our statement of facts is based on established rules for summary judgment motions. We strictly construe the affidavits and declarations of the moving parties and liberally construe those of the opposing party. (*Blair* v. *Pitchess* (1971) 5 Cal.3d 258, 285 [96 Cal.Rptr. 42, 486 P.2d 1242, 45 A.L.R.3d 1206]; *Lawrence* v. *Western Mutual Ins. Co.* (1988) 204 Cal.App.3d 565, 571 [251 Cal.Rptr. 319].)

company in Memphis, Tennessee before a final decision on his employment was made.

After his interview in San Francisco, plaintiff was given a preprinted, standardized employment application form which he filled out and returned to defendants in Memphis. The application contained the following clause: "I understand that just as I am free to resign at any time, the Company reserves the right to terminate my employment at any time, with or without cause and without prior notice. I understand that no representative of the Company has the authority to make any assurances to the contrary." The form did not describe plaintiff's position or salary.

In Memphis, Charlie Beech, the president of Maybelline, told plaintiff he was being considered as a developmental employee and that he was going to be a long-term employee. Beech informed plaintiff that Maybelline had more to offer than Alberto-Culver, and that he had heard Alberto-Culver had problems.

On July 15, 1985, Maybelline sent plaintiff a formal written offer of employment, which plaintiff signed and returned. The letter described plaintiff's position and outlined his salary and benefits. It did not contain any at-will language, nor did it make any reference to the employment application.

After relocating to Northern California, plaintiff commenced his employment with Maybelline in July 1985 as district account manager. In July of 1986, he was promoted to regional account manager and in May of 1987 was promoted to regional manager, with responsibility for 13 western states. From 1985 until April 1988, plaintiff received positive performance appraisals every six months as well as salary increases.

During his employment at Maybelline, plaintiff attended a seminar put on by Maybelline's personnel department. During the seminar he was told that the company had to have a reason to terminate an employee, such as poor performance or misconduct.

In January of 1988, plaintiff's supervisor told plaintiff that a vice-presidency was in his future and he should make plans to move to Memphis no later than January 1989 in order to become more familiar with Maybelline's senior management.

In October 1988, plaintiff's employment with Maybelline was terminated for falsifying expense reports. He was accused of errors on three separate

expense items: one for $38.76 on March 23, 1988; one for $48.95 on July 22, 1988; and one for $19.50 on August 2, 1988.

Plaintiff filed a complaint for wrongful termination, alleging one cause of action for breach of contract and a second cause of action for breach of the covenant of good faith and fair dealing. Following its answer to the complaint, Maybelline moved for summary judgment on the ground that pursuant to language in his application for employment plaintiff was an at-will employee and his employment was terminated for good cause. The trial court granted Maybelline's motion and dismissed the complaint without specifying the reasons for its ruling. This appeal followed.

## DISCUSSION

### I. *Standard of Review*

■ It is settled that summary judgment is appropriate only where no material issue of fact exists or where the record establishes as a matter of law that a cause of action asserted against a party cannot prevail. (*Wilkerson* v. *Wells Fargo Bank* (1989) 212 Cal.App.3d 1217, 1224 [261 Cal.Rptr. 185].) Since the granting of a summary judgment raises only questions of law regarding the construction and effect of the supporting and opposing papers, a reviewing court makes its own independent determination of their construction and effect. (*Slivinsky* v. *Watkins-Johnson Co.* (1990) 221 Cal.App.3d 799, 803-804 [270 Cal.Rptr. 585]; *Price* v. *Wells Fargo Bank* (1989) 213 Cal.App.3d 465, 474 [261 Cal.Rptr. 735].)

### II. *Employment Application*

■ All employment termination cases begin with the presumption of at-will employment. (Lab. Code, § 2922.) However, the presumption of at-will employment may be rebutted by evidence that the parties expressly or impliedly agreed the employer's power to terminate employment would be limited in some way. (*Foley* v. *Interactive Data Corp.* (1988) 47 Cal.3d 654, 677 [254 Cal.Rptr. 211, 765 P.2d 373].) Plaintiff's action is premised on the allegation that there existed an express and implied-in-fact employment contract between plaintiff and Maybelline that plaintiff's employment would not be terminated except for good cause. Maybelline takes the position that the at-will language contained in plaintiff's employment application manifests a final understanding that employment may be terminated by any reason, thus precluding a wrongful termination claim under a contract theory. Plaintiff argues the at-will clause in the employment application is not determinative, since the application is not an integrated contract.

■ We begin our analysis by acknowledging the established rule that a valid express contract creating at-will employment cannot be contradicted by evidence of an implied agreement to the contrary. (*Slivinsky* v. *Watkins-Johnson Co.*, *supra*, 221 Cal.App.3d at p. 806; *Anderson* v. *Savin Corp.* (1988) 206 Cal.App.3d 356, 364 [254 Cal.Rptr. 627]; *Shapiro* v. *Wells Fargo Realty Advisors* (1984) 152 Cal.App.3d 467, 482 [199 Cal.Rptr. 613], criticized on other grounds in *Foley* v. *Interactive Data Corp.*, *supra*, 47 Cal.3d at p. 688.) This is because the parol evidence doctrine prohibits the introduction of extrinsic evidence to vary or contradict the terms of an integrated written instrument. (Code Civ. Proc., § 1856; *Masterson* v. *Sine* (1968) 68 Cal.2d 222, 225 [65 Cal.Rptr. 545, 436 P.2d 561].) ■ Consequently, the threshold issue in the present case is whether the employment application constitutes a valid express contract. The parties acknowledge that the application is not a valid employment agreement, since it does not contain essential material terms such as the job description or compensation. However, the question is whether it constitutes a partially integrated agreement; that is, a writing which the parties intend to be a final expression of their agreement with respect to a particular subject matter or term. (See *Masterson*, *supra*, 68 Cal.2d at p. 225; *Wallis* v. *Farmers Group, Inc.* (1990) 220 Cal.App.3d 718, 730 [269 Cal.Rptr. 299].)

Citing *Wallis* v. *Farmers Group, Inc.*, *supra*, 220 Cal.App.3d at page 730, defendants contend that plaintiff's application for employment was intended by the parties as a final expression of their agreement that plaintiff's employment could be terminated at any time with or without cause, and the writing is integrated as to those terms. On the other hand, plaintiff relies on *McLain* v. *Great American Ins. Companies* (1989) 208 Cal.App.3d 1476, 1485 [256 Cal.Rptr. 863], for the proposition that a standardized, preprinted application form which is drafted by the employer and contains neither essential aspects of the employment relationship nor an integration clause, is not an integrated agreement.

We disagree with the reasoning in both *Wallis* and *McLain*. Each case applies the parol evidence rule to employment applications. However, an application for employment is not a contract; it is a mere solicitation of an offer of employment. (*Wagner* v. *Glendale Adventist Medical Center* (1989) 216 Cal.App.3d 1379, 1386-1387 [265 Cal.Rptr. 412].)[2] As such the application cannot constitute an agreement, let alone a partially integrated agreement. (Cf. *Slivinsky* v. *Watkins-Johnson Co.*, *supra*, 221 Cal.App.3d at pp.

---

[2]Although *Wagner* states that an application for employment is a noncontractual document, it inexplicably discusses whether the at-will provision in the plaintiff's employment application was intended to be the final and complete expression of one term, incorporated into the unwritten contract of employment the parties ultimately concluded. (*Wagner* v. *Glendale Adventist Medical Center*, *supra*, 216 Cal.App.3d at p. 1387.)

802-803 [at-will language in application incorporated into subsequent employee agreement].)

We are of the view that the at-will clause contained in defendants' standardized, preprinted employment application is merely evidence concerning the ultimate agreement entered into between the parties. Not being an integrated agreement, the parol evidence doctrine does not preclude consideration of contemporaneous oral agreements. Since plaintiff has produced conflicting evidence that there was an implied contract not to terminate except for good cause, there is a triable issue of fact concerning the terms of plaintiff's employment. Accordingly, summary judgment based on the language in the application was improperly granted.

III., IV.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### DISPOSITION

The judgment is reversed. Costs on appeal are awarded to plaintiff.

Merrill, J., and Strankman, J., concurred.

Respondents' petition for review by the Supreme Court was denied September 19, 1991. Panelli, J., was of the opinion that the petition should be granted.

---

*See footnote, *ante*, page 1550.